construction to broaden the scope and application of a statute" by expanding an agency's liability (*Bender v Jamaica Hosp.*, 40 NY2d 560, 562). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Gorski, JJ.

■ Mark Rappold et al., Individually and as Legal Co-Guardians of David Rappold, Respondents, v Snorac, Inc., Doing Business as Enterprise Rent-A-Car, et al., Appellants. (Appeal No. 1.) [735 NYS2d 456] —Appeals unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts*, 63 AD2d 566, 567; *see also*, CPLR 5501 [a] [1]). (Appeals from Order of Supreme Court, Erie County, Burns, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Lawton, JJ.

■ Mark Rappold et al., Individually and as Legal Co-Guardians of David Rappold, Respondents, v Snorac, Inc., Doing Business as Enterprise Rent-A-Car, Appellant, et al., Defendants. (Appeal No. 2.) [735 NYS2d 456] —Appeal unanimously dismissed without costs (*see*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Preclusion.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Lawton, JJ.

■ Mark Rappold et al., Individually and as Legal Co-Guardians of David Rappold, Respondents, v Snorac, Inc., Doing Business as Enterprise Rent-A-Car, Appellant, et al., Defendants. (Appeal No. 3.) [735 NYS2d 457] —Appeal unanimously dismissed without costs (*see*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Discovery.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Lawton, JJ.

■ Mark Rappold et al., Individually and as Legal Co-Guardians of David Rappold, Respondents, v Snorac, Inc., Doing Business as Enterprise Rent-A-Car, Appellant, et al., Defendants. (Appeal No. 4.) [735 NYS2d 457] —Appeal unanimously dismissed without costs (*see*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Discovery.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Lawton, JJ.

■ Mark Rappold et al., Individually and as Legal Co-Guardians of David Rappold, Respondents, v Snorac, Inc., Doing Business as Enterprise Rent-A-Car, Appellant, and Laurence A. Trembling et al., Respondents. (Appeal No. 5.)

[735 NYS2d 458] —Appeal unanimously dismissed without costs (*see*, CPLR 5501 [a] [1], [2]). (Appeal from Order of Supreme Court, Erie County, Burns, J.—New Trial.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Lawton, JJ.

 MARK RAPPOLD et al., Individually and as Legal Co-Guardians of DAVID RAPPOLD, Respondents, v SNORAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Appellant, and LAURENCE A. TREMBLING et al., Respondents. (Appeal No. 6.) [735 NYS2d 458] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the same Memorandum as in *Rappold v Snorac, Inc.* ([appeal No. 7] 289 AD2d 1044 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Burns, J.—CPLR art 50-B.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Lawton, JJ.

 MARK RAPPOLD et al., Individually and as Legal Co-Guardians of DAVID RAPPOLD, Respondents, v SNORAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, and LAURENCE A. TREMBLING et al., Appellants. (Appeal No. 7.) [735 NYS2d 687] —Order and judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past and future pain and suffering and future medical and life care expenses unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the verdict for past pain and suffering to $1 million, for future pain and suffering to $6 million, and for future medical and life care expenses to $8 million, in which event the order and judgment is modified accordingly and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings pursuant to CPLR article 50-B in accordance with the following Memorandum: On July 18, 1998, plaintiffs' son, who was then 22 years old and had just completed his first year of law school, was a passenger in a vehicle. owned by defendant Snorac, Inc., d/b/a Enterprise Rent-a-Car (Snorac), and driven by defendant Eric J. Barton. Barton and defendant Laurence A. Trembling engaged in what police termed "road tag," which began when Barton entered the passing lane of the New York State Thruway, "cutting off" Trembling's vehicle. Trembling continued to follow closely behind Barton's vehicle, flashing his headlights off and on. According to one eyewitness, the two drivers changed lanes several times, with Trembling following Barton very closely and both vehicles traveling in excess of 75 miles per hour. At one point, Barton moved into the driving lane, and Trembling passed Barton. Barton then remained approximately 20 car lengths behind Trembling's vehicle for a